979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marcella A. SAMPSON, Plaintiff-Appellant,
v.
CENTRAL STATE UNIVERSITY; Arthur Thomas, in his official
capacity; Arthur Thomas, Individually,
Defendants-Appellees.
 No. 92-4075.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court on the plaintiff's response to the show cause order of October 23, 1992.
 
 
 2
 The plaintiff appeals the decision of September 13, 1992, which dismissed her claims under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act. Judgment was later entered in the plaintiff's favor on a claim under the Fair Labor Standards Act. Final judgment incorporating all of the district court's holdings was entered by the district court on September 30, 1992. On October 9, 1992, the defendant filed a "Renewal of Motion for Judgment after Trial and Alternative Motion for New Trial." That motion was within ten days of the final judgment. While that motion was pending, the plaintiff filed the instant notice of appeal. Subsequently, the district court entered an order denying the defendant's motion.
 
 
 3
 If a timely motion for a new trial is filed in the district court by any party, the time for appeal for all parties shall run from the entry of the order denying a new trial. Fed.R.App.P. 4(a)(4); Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam). A notice of appeal filed during the pendency of a time-tolling motion is of no effect. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion. Fed.R.App.P. 4(a)(4).
 
 
 4
 In response to the order to show cause why the appeal should not be dismissed, plaintiff states that she seeks review of the September 13, 1992, decision and that the motion for new trial did not address that decision. However, the September 13 decision and order was not separately appealable as it did not dispose of all claims in this action. See Fed.R.Civ.P. 54(b); William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam). The September 13 decision was not appealable until the entry of final judgment. In turn, the appeal period from the entry of final judgment was tolled pending resolution of the defendant's motion for new trial.
 
 
 5
 Therefore, it is ORDERED that this appeal is dismissed sua sponte as premature, without prejudice to the plaintiff's right to perfect a new, timely appeal.